**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| JOY LASKAR, Ph.D,<br><br>Plaintiff,<br><br>v.<br><br>PHILLIP W. HURD, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action File:<br>No.: 1:18-CV-04570-WMR |

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

Plaintiff, a former tenured, then fired for cause, Georgia Institute of Technology ("Georgia Tech") faculty member, asserts a claim under 42 U.S.C. § 1983 for malicious prosecution for acts allegedly occurring mostly in or around the 2010-2011 time period. In 2010, all four Defendants were employees of Georgia Tech. Mr. Jenkins and Mr. Allen have since left their positions. Mr. Hurd and Ms. Garton remain Georgia Tech employees. Plaintiff faults Defendants for his 2010 firing from Georgia Tech and his subsequent related criminal prosecution, including a late 2014 grand jury indictment. On October 5, 2016, Plaintiff's criminal case was dismissed on statute of limitations grounds. Nearly two years later to the day, Plaintiff has filed this case.

Plaintiff fails to state a claim for malicious prosecution against all Defendants. Plaintiff cannot satisfy one of the mandatory elements of his claim. In order to bring a federal malicious prosecution claim, a plaintiff must plead, and ultimately prove, that he received a favorable termination of his criminal case. Here, Plaintiff cannot make that showing because his state court criminal case was dismissed on statute of limitations grounds. Federal case law, including Eleventh Circuit law, holds that the termination of a criminal case is considered favorable only where the circumstances of such termination suggest the accused's innocence. A dismissal for mere technical or procedural reasons, such as on the basis of the statute of limitations, does not meet this standard.

Qualified immunity also bars Plaintiff's claim. Plaintiff has failed to state a claim that any of the Defendants violated his clearly established statutory or constitutional rights. The factual allegations do not establish that any of the Defendants intentionally and maliciously lied to law enforcement officials about Plaintiff and by, by doing so, directly induced or caused his criminal prosecution.

## I. ALLEGATIONS RELEVANT TO THE MOTION TO DISMISS

Plaintiff alleges that the Defendants "initiated and supported an investigatory process leading to his suspension, termination, arrest and criminal prosecution…based upon an incomplete, inaccurate and misleading investigatory

record. Plaintiff alleges the Defendants acted maliciously and without probable cause." Doc. 1 at p. 2, para. 1. Plaintiff claims the Defendants were involved in an "investigation" that is connected to "the suspension without pay, and the termination of [his] tenured faculty position, followed by his arrest and the ensuing criminal prosecution…." *Id.* at p.8, para. 7.

Plaintiff alleges that the "Defendants deliberately timed the release of their investigative findings without even granting [him] a single meeting to know and understand, then challenge the purported findings which had been made." *Id.* at p.8, para. 8. The "Defendants deliberately orchestrated their Georgia Bureau of Investigation raid…." *Id.* The "Defendants even reneged on the conditions which [Plaintiff's] criminal attorney had negotiated for the surrender of the Professor to law enforcement authorities…." *Id.* at p.9, para. 8. The "Defendants, by providing false, incomplete, and/or misleading information about Plaintiff and the facts and circumstances surrounding his conduct while he worked for and on behalf of Georgia Tech…and in support of students whom he mentored and advised, acted maliciously and without probable cause when recommending, requesting, referring, suggesting, and directing the initiation of a criminal prosecution of Plaintiff through the provision of false and misleading information." *See id.*, para. 196.

In a nutshell, Plaintiff contends that the Defendants "orchestrated and coordinated…with law enforcement and prosecutorial actors…[and] maliciously pursued an investigation of [Plaintiff] unsupported by any probable cause." *Id.* at p.11, para. 11. On October 5, 2016, Fulton County Superior Court Judge Robert McBurney "entered an order dismissing all criminal charges brought and filed against [Plaintiff]." *Id.* at p.10, para. 10. Plaintiff asserts the dismissal was in his "favor." *Id.* at p.12, para. 15.

## II. THIS COURT MAY CONSIDER THE EXHIBITS ATTACHED TO DEFENDANTS' MOTION TO DISMISS

The Defendants have attached three exhibits to their Motion to Dismiss. Exhibit "1" is a copy of the criminal trial court's October 5, 2016 "Order on Defendant's Plea in Bar." This final order reveals that the trial court dismissed Plaintiff's criminal case solely on the basis of the statute of limitations. After determining that the criminal indictments were filed out of time, the court states, "[b]y operation of law, the case is DISMISSED…" *See* Order at p. 4 (capitalization in original).[1]

[1] "'If a defendant prevails on a pretrial plea in bar on the statute of limitation…the charge should be dismissed.' [Cit.]" *State v. Boykin*, 320 Ga. App. 9, 10 (2013).

Exhibit "2" is a partially redacted copy of a document entitled, "Affidavit in Support of Search and Seizure Warrants, Georgia Bureau of Investigation SA Lisa Vorrasi, May 14, 2010." The Affidavit is signed by Special Agent Vorrasi and by The Honorable Craig Schwall, Judge of the Superior Court of Fulton County.[2] The Plaintiff's Complaint references and quotes the Vorrasi Affidavit. *See e.g.* Complaint at paras. 65-73. Specific quoted language includes: "**Georgia Tech Director of Internal Auditing Philip [sic] W. Hurd is affiant's primary source of information for this affidavit....Unless otherwise indicated, all facts presented herein are derived from my conversations and communications with Mr. Hurd.**" *See* Complaint at para. 72 (emphasis supplied in Plaintiff's Complaint).

Finally, Exhibit "3" is a copy of the grand jury's December 30, 2014 criminal indictment. On its face, only a single witness appeared for the State. None of the Defendants is that witness.

Although a district court's review of a motion to dismiss typically is limited to the four corners of a complaint, a court may consider documents that the plaintiff refers to in his complaint if their authenticity is not challenged and if they are "central to the plaintiff's claim." *Brooks v. Blue Cross & Blue Shield, Inc.*, 116

[2] The identical affidavit is alleged to have been presented to and signed by Cobb County Superior Court Judge Adele Grubbs. *See* Complaint at para 65.

F.3d 1364, 1368-69 (11th Cir. 1997); *Adamson v. De Poorter*, 2007 U.S. App. LEXIS 23577 at *2 (11th Cir. Oct. 4, 2007) (per curiam) (unpublished) (citing *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002). Of course, "a district court may take judicial notice of matters of public record without converting a Rule 12(b)(6) motion into a Rule 56 motion." *Halmos v. Bomardier Aerospace Corp.*, 404 F. App'x 376, 377 (11th Cir. 2010) (per curiam) (unpublished) (citations omitted); *Young v. City of Augusta ex. rel DeVaney*, 59 F.3d 1160, 1166 n.11 (11th Cir. 1995). These exceptions to the general rule apply to Exhibits "1" through "3."

## III. ARGUMENT AND CITATION OF AUTHORITY

A Rule 12(b)(6) motion to dismiss should be granted when the pleading fails to contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When ruling on a motion to dismiss, a court accepts the facts alleged in the complaint as true and draws all reasonable inferences in the plaintiff's favor. *Gates v. Khokhar*, 884 F.3d 1290, 1296 (11th Cir. 2018). Dismissal on the basis of a dispositive issue of law is

proper when no construction of the factual allegations will support the cause of action. *Allen v. USAA Cas. Ins. Co.*, 790 F.3d 1274, 1278 (11th Cir. 2015).

In deciding whether a complaint survives a motion to dismiss, courts in the Eleventh Circuit are instructed to use a two-step framework. *Iqbal* at 678-81; *Franklin v. Curry*, 738 F.3d 1246, 1250-51. First, a court identifies the allegations that are "no more than conclusions." *Iqbal*, 556 U.S. at 679. Conclusory allegations are not entitled to the assumption of truth. *Id.* Second, after disregarding conclusory allegations, a court assumes any remaining factual allegations are true and determines whether those factual allegations "plausibly give rise to an entitlement to relief." *Id.* A plaintiff must plead more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. To be sure, a plaintiff may use legal conclusions to structure his complaint, but legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. The court identifies conclusory allegations and then discards them—not "on the ground that they are unrealistic or nonsensical" but because their conclusory nature "disentitles them to the presumption of truth." *Id.* at 681.[3]

[3] These principles apply to each of the Defendants' main arguments below (Sections IV.A. And IV.B.).

### A. *Defendants are Entitled to a Dismissal of this Case Because Plaintiff Cannot Establish an Essential Element to His 42 U.S.C. § 1983 Claim: a Favorable Termination of His Prior Criminal Case*

The Eleventh Circuit has identified malicious prosecution as a violation of the Fourth Amendment and a viable constitutional tort under 42 U.S.C. § 1983. *See Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1256 (11th Cir. 2010). To state a malicious prosecution claim, a plaintiff must allege (1) the elements of the common law tort of malicious prosecution and (2) a violation of his Fourth Amendment right to be free from unreasonable seizures. *Kingsland v. City of Miami*, 382 F.3d 1220, 1234 (11th Cir. 2004) (citing *Wood v. Kesler*, 323 F.3d 872, 881 (11th Cir. 2003)). "[A] Fourth Amendment malicious prosecution claim under § 1983 remains a federal constitutional claim, and its elements and whether they are met ultimately are controlled by federal law." *Wood* 323 F.3d at 882.

In *Uboh v. Reno*, 141 F.3d 1000 (11th Cir. 1998), the Eleventh Circuit examined both federal law and Georgia law and indicated that, for purposes of a § 1983 malicious prosecution claim, the constituent elements of the common law tort of malicious prosecution are: (1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the plaintiff accused. *Id.* at 1004; see also *Grider,* 618 F.3d at 1256; *Wood,* 323 F.3d at 882;

O.C.G.A. § 51-7-40.[4] For purposes of this motion, the Georgia Tech Defendants are focused on the third element: "terminated in the plaintiff accused's favor."

In *Uboh*,[5] the court "had to determine whether the common law element of favorable termination was met. To do so, the *Uboh* Court determined what constituted a favorable termination by examining primarily federal law. In sum, although both state law and federal law help inform the elements of the common law tort of malicious prosecution, a Fourth Amendment malicious prosecution claim under § 1983 remains a federal constitutional claim, and its elements and whether they are met ultimately are controlled by federal law." *Wood* 323 F.3d at 882. "When malicious prosecution is brought as a federal constitutional tort, the outcome of the case does not hinge on state law, but federal law, and does not differ depending on the tort law of a particular state." *Id.* at 882 n. 17.

As the Eleventh Circuit has recently emphasized, "[i]f the rule were otherwise, the same malicious prosecution claim brought as a federal constitutional

---

4 "A criminal prosecution which is carried on maliciously and without any probable cause and which causes damage to the person prosecuted shall give him a cause of action." O.C.G.A. § 51-7-40.

5 Although technically a *Bivens* action, *Uboh* treated the constitutional tort of malicious prosecution under the Fourth Amendment as having the same elements whether brought under § 1983 against state actors or under *Bivens* against federal actors. *Wood, supra*, at 882 n. 16.

tort would result in different outcomes depending on the state in which it was prosecuted. But a § 1983 malicious-prosecution claim is a *federal* constitutional tort. It is therefore governed by federal law, so it will produce the same outcome, regardless of the state in which it is brought." *Blue v. Lopez*, 901 F.3d 1352, 1358 (11th Cir. 2018) (italics in original) (in a 42 U.S.C. § 1983 malicious prosecution action, federal—not Georgia--law governed whether there was "probable cause" to prosecute the underlying criminal action); *see also Kjellsen v. Mills*, 517 F.3d 1232, 1237 (11th Cir. 2008); *Grider, supra,* at 1256.

With those legal concepts in mind, under clear Eleventh Circuit precedent, whether there is a favorable termination of an underlying criminal action turns on whether the final disposition of that criminal action reflects an accused's innocence. *See Stepanovich v. City of Naples*, 728 Fed. Appx. 891, 899 (11th Cir. 2018) (a plaintiff must show that the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; court looks for an "indication of innocence"); *Uboh, supra*, 1004-1005 ("final disposition is such as to indicate the innocence of the accused"); accord *St. Germain v. Isenhower*, 98 F. Supp. 2d 1366, 1371 (S.D. Fla. 2000) (only terminations that indicate that the accused is innocent should be considered favorable); *Harris v. Wal-Mart Stores E., L.P.*, 2013 U.S. Dist. LEXIS 179474 at

*16-19 (N.D. Ga. December 23, 2013) (a jury could find that the prosecution was favorably terminated where the district attorney dismissed the warrant *because the state could not make out a case*); *Artubel v. Colonial Bank Group, Inc.*, 2008 U.S. Dist. LEXIS 60781 at *64-66 (M.D. Fla. August 8, 2008) (because the complaint fails to allege a *bona fide* termination of the criminal proceedings in the plaintiff's favor, the complaint fails to state a malicious prosecution claim under § 1983) (the plaintiff must allege "that the first suit, on which the malicious prosecution suit is based, ended in a manner indicating the original defendant's [and current plaintiff's] innocence of the charges or allegations contained in the first suit") (citation omitted); *Brayshaw v. Garrett*, 2011 U.S. Dist. LEXIS 19994 at *8-9 (N.D. Fla. Jan. 6, 2011) ("[i]n criminal cases, it is well established that only terminations indicating 'that the accused is innocent' are considered favorable") (citing *Uboh*, 141 F.3d at 1004); *Copeny v. Prosser*, 2018 U.S. Dist. LEXIS 150533 at *7, n. 4 (N.D. Ala. Sept. 20, 2018) (same); *Vila v. Wadlington*, 2018 U.S. Dist. LEXIS 63922 at *16, n. 6 (S.D. Ala. April 13, 2018) (same); *McCray v. Komisar*, 2012 U.S. Dist. LEXIS 33966 at *6 (N.D. Fla. Feb. 10, 2012) (same); *Chestnut v. Tamayo*, 2011 U.S. Dist. LEXIS 74189 at *4 (N.D. Fla. June 6, 2011) (same).

The other circuits agree.[6] A favorable termination must reveal an indicia of innocence. *See e.g., Murphy v. Lynn*, 118 F.3d 938, 948-49 (2nd Cir. 1997) (where the prosecution did not result in an acquittal, it is deemed to have ended in favor of the accused…only when its final disposition is such as to indicate the innocence of the accused); *DiBlasio v. City of New York*, 102 F.3d 654, 658 (2nd Cir. 1996) ("[p]roceedings are 'terminated in favor of the accused' only when their final disposition is such as to indicate the accused is not guilty"); *Russell v. Smith*, 68 F.3d 33, 36 (2nd Cir. 1995) (same) (quoting Restatement (Second) of Torts § 660 comment a (1977)) (hereinafter "§ 660 cmt. a");[7] *Poku v. Himelman*, 448 Fed.

---

[6] The United States Supreme Court has alluded to the "innocence standard" in dicta. "One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused." *Heck v. Humphrey*, 512 U.S. 477, 484 (1994) (requiring a favorable termination to state a claim for malicious prosecution avoids parallel litigation "over the issues of probable cause *and guilt*.") (emphasis added).

[7] Section 660 cmt. a of the Restatement provides: "*Termination inconsistent with guilt*. Proceedings are 'terminated in favor of the accused,' as that phrase is used in § 653…only when their final disposition is such as to indicate the innocence of the accused." *Id.* (italics in original). The referenced § 653 states the elements of a malicious prosecution claim: "A private person who initiates or procures the institution of criminal proceedings against another who is not guilty of the offense charged is subject to liability for malicious prosecution if (a) he initiates or procures the proceedings without probable cause and primarily for a purpose other than that of bringing an offender to justice, and (b) the proceedings have terminated in favor of the accused." *See* Restatement (Second) of Torts § 653, 660 (1977). As the cases cited in this brief show, the federal circuits appear universally

App'x. 217, 220 (3rd Cir.2011) (termination of underlying criminal action must "reflect the plaintiff's innocence"); *Hilfirty v. Shipman*, 91 F.3d 573, 580 (3rd Cir. 1996) (citing § 660 cmt. a) ("[p]roceedings are 'terminated in favor of the accused'...only when their final disposition is such as to indicate the innocence of the accused"); *Donahue v. Gavin*, 280 F.3d 371, 384 (3rd Cir. 2002) (dismissal must be indicative of innocence); *Taylor v. Gregg*, 36 F.3rd 453, 456 (5th Cir. 1994) (only terminations that indicate that the accused is innocent ought to be considered favorable); *Logan v. Caterpillar, Inc.*, 246 F.3d 912, 925 (7th Cir. 2001) (a court looks to determine whether the dismissal indicates the accused's innocence); *Washington v. Summerville,* 127 F.3d 552, 558 (7th Cir. 1997) (same); *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1068 (9th Cir. 2004) ("[a]n individual seeking to bring a malicious prosecution claim must generally establish that the prior proceedings terminated in such a manner as to indicate his innocence") (citing *Heck*, 512 U.S. at 484-85); *Cordova v. City of Albuquerque*, 816 F.3d 645, 653; 653 n.4 (10th Cir. 2016) (adopting the "indicative-of-innocence principle") (listing an "action dismissed as outside statute of limitations" as an example of a case that was not "favorably terminated") (citation omitted); *Margheim v. Buljko*, 855 F.3d 1077, 1086 (10th Cir. 2017) (same); *Wilkins v. DeReyes*, 528 F.3d 790,

to have adopted the Restatement's position that a favorable termination requires an indication of the "innocence of the accused."

803 (10th Cir. 2008) (termination must "indicate the innocence of the accused") (quoting § 660 cmt. a); *Feld Entm't, Inc. v. ASPCA*, 873 F. Supp. 2d 288, 331-33 (D. D.C. 2012) (in the District of Columbia, "a termination is favorable only where 'it tends to indicate the innocence of the accused'") (citation omitted); *Harried v. Forman Perry Watkins Krutz & Tardy*, 813 F. Supp. 2d 835, 842, n. 5 (S.D. Miss. 2011) (plaintiff must establish that the previous ended with a "favorable termination *on the merits*," an essential element of a cause of action for malicious prosecution); *Wilson v. Cutler*, 2018 U.S. Dist. LEXIS 79009 at *10-11 (D.S.C. March 26, 2018) (adopting "for reasons indicative of the innocence" standard); *Ohnemus v. Thompson*, 2014 U.S. Dist. LEXIS 189574 at *5 (E.D. Ky. January 13, 2014) ("indicate the innocence of the accused"); *Anderson v. Wal-Mart Stores, Inc.*, 2008 U.S. Dist. LEXIS 36294 at *15-17 (M.D. Tenn. Mat 2, 2008) (applying "favorable termination must be one indicating that the accused is innocent" standard).[8]

Thus, the federal courts are united in their 42 U.S.C. § 1983 federal law malicious prosecution claim analysis: to be deemed a favorable outcome, the

---

[8] Many state courts have held the same. *See, e.g., Lackner v. LaCroix*, 25 Cal. 3d 747, 750 (Cal. 1979) ("termination must *reflect* on the merits of the underlying action") (italics in original).

termination of the underlying criminal action must occur under circumstances suggesting innocence. And, with that universal standard in mind, the overwhelming majority of courts (federal *and* state) to have addressed the issue hold that a dismissal on technical or procedural grounds, including, in particular, on statute of limitations grounds, is not a favorable outcome. *See Barniv v. BankTrust*, 579 Fed. App'x 719, 721 (11th Cir. 2014) (no favorable "bona fide termination" of proceedings where a suit is dismissed on technical or procedural grounds as opposed to considerations going to the merits of the case);[9] *Anderson v. Wal-Mart Stores, Inc.*, 2008 U.S. Dist. LEXIS 36294 at *10-11 (M.D. Tenn. 2008) ("termination must also reflect the merits and not merely a procedural victory") (citation omitted); *Gressett v. Contra Costa Cnty*, 2015 U.S. Dist. LEXIS 29286 at *19-20 (N.D. Cal. 2015) (termination on procedural or technical grounds does not reflect the "opinion of either the Court or the prosecuting party that the action

---

[9] Defendants acknowledge that the decision in *Uboh* contains the following statement: ". . . consistent with each of the policies underlying the favorable termination requirement . . . courts have found favorable termination to exist by virtue of an acquittal, an order of dismissal reflecting an affirmative decision not to prosecute, a dismissal based on the running of the statute of limitations, an entry of a nolle prosequi, and, in some cases, a granted writ of habeas corpus." *Id.* at 1005 (citations omitted). This statement in *Uboh* is dicta because the Court was not confronted with, and did not actually address, the fact scenario of a dismissal based on the statute of limitations. To undersigned counsel's knowledge, the Court has not addressed the issue in any other case.

would not succeed") (citation omitted); *Yarbrough v. SAS Sys.*, 204 Ga. App. 428, 429 (1992) (under Georgia law, a nolo contendere plea is not considered a favorable termination of a prosecution; it is a "shield and not a sword");[10] *Rhodes v. Mabus*, 676 F. Supp. 755, 758-59 (S.D. Miss. 1987) (where the indictment was quashed on procedural grounds and not in such a way as to indicate the innocence of the accused); *Bearden v. BellSouth Telecomms., Inc.*, 29 So. 3d 761, 766 (Miss. 2010) (lack of jurisdiction); *Lackner v. LaCroix, supra,* at 752 (a bar raised by the

---

[10] Georgia—contrary to the federal circuits--has not formerly adopted the Restatement (Second) of Torts § 653. Georgia has a malicious prosecution statute dating back to Georgia's original code of 1863 (Orig. Code 1863, § 2924). While never having cause to formerly adopt the Restatement's "innocence of the accused" language, Georgia case law has long recognized that its statutory malicious prosecution remedy requires a favorable termination. *See Ellis v. Knowles*, 90 Ga. App. 40, 42 (1954). Moreover, Georgia case law strongly suggests that the favorable termination element includes an innocence or merits component. *See Sykes v. South Side Atlanta Bank*, 53 Ga. App. 450 (1936) ("[W]here the prosecutor announces before the magistrate at the commitment hearing that *he has no evidence to offer*, procures an order discharging the accused, and dismissing the warrant, and no further action is taken thereon, these facts will constitute a favorable determination.") (italics added); *Page v. Citizens Banking Co.*, 111 Ga. 73, 85 (1900) (finding favorable termination where the prosecutor indicated it was impossible to make out a case—no evidence to offer against the accused--followed by a court order dismissing the warrant and discharging the accused from custody); *Hughes v. Georgia Power Co.*, 65 Ga. App. 163, 166 (1941). "If the termination of the prosecution has been brought about by compromise and agreement of the parties, it has not terminated 'in favor of the plaintiff,' and thus, an action for malicious prosecution in Georgia will not lie." *Sherrill v. Stockel*, 252 Ga. App. 276, 278-79 (2001); *Waters v. Winn*, 142 Ga. 138, 140 (1914).

statute of limitations does not reflect on the merits of the action and thus is not a favorable termination for purposes of a subsequent malicious prosecution action); *Parrish v. Marquis*, 172 S.W.3d 526, 532 (Tenn. 2005), overruled on other grounds, *Himmelfarb v. Allain*, 380 S.W.3d 35 (Tenn. 2012) ("courts have universally concluded that a favorable termination is not present where the underlying proceeding was resolved based upon the expiration of a statute of limitations"); *Palmer Dev. Corp. v. Gordon*, 723 A.2d 881, 884 (Me. 1999) (same); *Brown v. Carr*, 503 A.2d 1241, 1246 (D.C. 1986) (failure to state a claim); *Murphy v. Lynn,* 118 F.3d 938, 948 (2nd Cir. 1997) (same); *Schlueter v. S. Energy Homes, Inc.*, 252 F. App'x 7, 10-11 (6th Cir. 2007) (speedy trial dismissal not a favorable termination); *Craig v. City of Yazoo City*, 984 F. Supp. 2d 616, 629-630 (statute of limitations says nothing of malicious prosecution plaintiff's "innocence" in underlying criminal action); *Harried v. Forman Perry Watkins Krutz & Tardy*, 813 F. Supp. 2d 835, 842 n. 5 (S.D. Miss. 2011) (same); *Shapiro v. Haenn*, 190 F. Supp. 2d 64, 68 (D. Maine (2002) ("a dismissal on pure statute of limitations grounds is not a favorable termination") (citation omitted); *Hudis v. Crawford*, 125 Cal. App. 4th 1586, 1592 (2005) (case dismissed for lack of standing, a "jurisdictional defect," unrelated to innocence).[11]

---

[11] The federal and state cases cited in this brief, *supra*, address circumstances of

Based on the foregoing authorities, with an emphasis on federal law since Plaintiff has asserted a federal law constitutional tort, Plaintiff did not receive a favorable outcome when the trial court dismissed his criminal case on October 5, 2016. The state court's order does not address the merits and a statute of limitations defense is a shield and not a sword. The dismissal of Plaintiff's criminal case was solely on technical and procedural grounds. The trial court's order does not reflect on Plaintiff's innocence. Consequently, with the absence of an essential element to his claim, Plaintiff's 42 U.S.C. § 1983 malicious prosecution claim fails.

### ***B. The Defendants are Entitled to Dismissal on Qualified Immunity Grounds***

A complaint must include "specific, non-conclusory allegations of fact that will enable the district court to determine that those facts, if proved, will overcome the defense of qualified immunity." *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003). Qualified immunity protects a government official performing discretionary functions if the official's conduct "does not violate clearly established

---

both underlying civil and criminal actions. Whether the underlying action is civil or criminal should make no material difference when assessing if a termination is deemed favorable under federal law. In Georgia, common law precedents governing cases involving claims for malicious use of civil process (underlying civil action) and malicious prosecution (underlying criminal action) are largely interchangeable. *Cooper v. Public Finance Corp.*, 146 Ga. App. 250, 253-54 (1978).

statutory or constitutional rights of which a reasonable person would have known." *Beshers v. Harrison*, 495 F.3d 1260, 1265 (11th Cir. 2007). "Because qualified immunity is 'an entitlement not to stand trial or face the other burdens of litigation, questions of qualified immunity must be resolved 'at the earliest possible stage in litigation.'" *Gonzalez v. Reno*, 325 F.3d 1228, 1233 (11th Cir. 2003) (citations omitted). "It is therefore appropriate for a district court to grant the defense of qualified immunity at the motion to dismiss stage if the complaint 'fails to allege the violation of a clearly established constitutional right.'" *Gonzalez*, 325 F.3d at 1233.

Plaintiff has to allege the violation of clearly established law. As shown above, Plaintiff has failed to state a claim for malicious prosecution. To the extent the Eleventh Circuit and the Georgia Supreme Court have not decided the specific issue of whether a termination on statute of limitations grounds is a "favorable termination," there is no violation here of clearly established law. Defendants are entitled to an order dismissing this case on qualified immunity grounds for these reasons alone.

Plaintiff also fails to allege the violation of a clearly established constitutional right. "Eleventh Circuit precedent establishes, with obvious clarity, that a government official is prohibited from intentionally providing false

information to law enforcement without probable cause and thereby directly causing a Fourth Amendment violation." *Buckner v. Shetterley*, 621 F. Supp. 2d 1300, 1303 (M.D. Ga. 2008); *see also Kelly v. Curtis*, 21 F.3d 1544, 1549 (11th Cir. 1994) (recognizing the federal right to be free from prosecutions procured by false and misleading information); *Kingsland v. City of Miami*, 382 F.3d 1220, 1232 (11th Cir. 2004) ("falsifying facts to establish probable cause is patently unconstitutional"); *Whiting v. Traylor*, 85 F.3d 581, 585 n.5 (11th Cir. 1996) ("knowingly making false statements"). This precedent also covers non-law enforcement officials. In *Buckner v. Shetterley*, supra, the Court found the law clearly gives non law enforcement state employees fair warning that they will cause a constitutional violation, and face potential § 1983 liability "by intentionally providing false information to police without probable cause." *Id.* at 1304-05. Thus, a plaintiff must allege a defendant has made knowingly false statement.

Moreover, the Eleventh Circuit has also held that intervening acts by "the prosecutor, grand jury, judge and jury" can break a chain of causation. *Barts v. Joyner*, 865 F.2d 1187, 1195 (11th Cir. 1989) (false arrest case). The intervening acts—"assuming that these court officials acted without malice that caused them to abuse their powers---each break the chain of causation unless plaintiff can show that these intervening acts were the result of deception or undue pressure by the

[defendant].” *Id.* Thus, “making statements [even if they are knowingly false] to a detective *in the context of a larger criminal investigation* does not [necessarily] mean the individual initiated a criminal investigation.” *Jones v. Butt*, 643 F. App’x 926, 930 (11th Cir. 2016) (italics added). To override qualified immunity, a defendant’s “misrepresentations [must] constitute[] the very soil and seedbed from which the prosecution grew.” *Howe v. City of Enter.*, 2018 U.S. Dist. LEXIS 158717 at *118 (M.D. Ala. September 187, 2018).

Plaintiff has failed to state the violation of a clear constitutional right to overcome Defendants’ qualified immunity. Many of his allegations are conclusory and should be ignored for purposes of this motion. *See e.g.*, Complaint at para. 2, 11-12, 186-187 and 194-200. Most of the allegations are leveled against Defendant Hurd (*Id.* at paras. 54-73; 74, 76, 90-91, 99-101, 103, 105-106, 112, 115-116, 135-36, 142-145, 147-148, 150, 153-156), but even these allegations do not show knowing false statements, on which judicial officers later relied, and which directly led to (caused) the subsequent initiation and continuation of Plaintiff’s prosecution. Allegations are sprinkled throughout the Complaint against the other Defendants as well (*see e.g., Id.* at paras. 75, 77, 81-85, 89, 93, 96-97, 118, 121-122, 125-126 and 130), but none sufficiently attribute knowing and malicious false statements. At most, the statements reflect Defendants’ opinions

and reasonable investigatory conclusions reached in conjunction with Georgia Tech's administrative review of Plaintiff's conduct--an administrative investigation conducted to determine whether to fire a tenured professor. There are no factual allegations showing false statements made to law enforcement agents, prosecutors, grand juries or judges or, more importantly, showing that any law enforcement agents, prosecutors, grand juries or judges relied on any such false statements to Plaintiff's constitutional detriment or in furtherance of Plaintiff's prosecution. In this regard, the indictment (Exhibit "3") lists none of the Defendants as a state witness.

In fact, this December 2014 indictment followed Plaintiff's arrest by more than four years. This is far too wide a temporal bridge to gap with speculation regarding why the prosecutor pursued his case or why the grand jury ultimately indicted Plaintiff, especially given the ambiguous words and actions Plaintiff attributes to the Defendants throughout his Complaint. The Vorassi Affidavit alone entitles Jenkins, Garton and Allen to qualified immunity and dismissal from the case because it states, expressly and implicitly, that this G.B.I. Special Agent did not rely on anything those three Defendants did or said when she, under oath, sought search and seizure warrants in May 2010.

There are no claims that any of the Defendants suppressed facts or information and their alleged malicious false statements are factually unsupported. The statements attributed to the Defendants certainly are not in the nature of statements that would defeat a defendant's claim to qualified immunity in a malicious prosecution case. The Plaintiff has failed to allege sufficiently that the Defendants "improperly influenced" the prosecutor's or the grand jury's independent decisions by "deceptions." *See Eubanks v. Gerwen*, 40 F.3d 1157, 1160-61 (11th Cir. 1994).

Consequently, Plaintiff has failed to show that one, more or all of the Defendants violated his clearly established statutory or constitutional rights. Qualified immunity therefore bars the claim against each of these Defendants.

## IV. CONCLUSION

For the foregoing reasons, Defendants ask this Court to grant their motion and dismiss all of the claims asserted against them in this case.

CHRISTOPHER M. CARR 112505
Attorney General

KATHLEEN M. PACIOUS 558555
Deputy Attorney General

ROGER CHALMERS 118720
Senior Assistant Attorney General

/s/ Paul Jay Pontrelli
PAUL JAY PONTRELLI 583513
Assistant Attorney General

PLEASE ADDRESS ALL
COMMUNICATIONS TO:
Paul Jay Pontrelli
40 Capitol Square, S.W.
Atlanta, Georgia 30334-1300
Telephone: (404) 657-3982
Facsimile: (404) 651-5304
E-mail: ppontrelli@law.ga.gov

## CERTIFICATE OF COMPLIANCE

I hereby certify that the Defendants' Brief in Support of Motion to Dismiss for Failure to State a Claim was prepared in 14-point Times New Roman in compliance with Local Rules 5.1(C) and 7.1(D).

/s/ Paul Jay Pontrelli
Assistant Attorney General

## CERTIFICATE OF SERVICE

I do hereby certify that I have, this day, filed the foregoing **DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

Michael A. Dailey, Esq.
mdailey@andersondailey.com

I further certify that I have served, by U.S. mail, first class postage prepaid, the following non-CM/ECF participants: NONE.

This 7th day of November 2018.

/s/ Paul Jay Pontrelli
PAUL JAY PONTRELLI 583513
Assistant Attorney General